# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Patterson Dental Supply, Inc.,<br><br>   Plaintiff,<br><br>v.<br><br>Daniele Pace, et al.,<br><br>   Defendant. | Civil File No.: 19-cv-01940-JNE-LIB<br><br>**RESPONSES OF PLAINTIFF PATTERSON DENTAL SUPPLY, INC. TO DEFENDANT PACE'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS** |

Plaintiff Patterson Dental Supply, Inc. ("Patterson"), by and through its attorneys, Jones Day, hereby responds to Defendant Daniele Pace's ("Defendant Pace") First Set of Requests for Production of Documents as follows:

**PRELIMINARY STATEMENT AND GENERAL OBJECTIONS**

The following Preliminary Statement and General Objections are applicable to all of Patterson's Responses to Defendant Pace's Requests for Production of Documents. Patterson's search for information and documentation in connection with these Requests was conducted with a reasonable and proportionate degree of diligence to locate responsive information and documents. Patterson notes that discovery and its investigation is continuing.

1. Patterson objects to these Requests to the extent they call for information and documents protected by the attorney-client privilege, the work-product doctrine, or any other applicable privileges or exemptions.

2. Patterson objects to the instructions and definitions set forth in the Requests to the extent they attempt to impose obligations on Patterson beyond those authorized by the Federal Rules of Civil Procedure.

3. Patterson's Responses to the Requests are made without intending to waive or waiving, but, to the contrary, intending to preserve and preserving:

   i. All questions as to competency, relevancy, materiality, privilege, and admissibility of evidence for any purpose, and of any Response to Defendant Pace's Requests or the subject matter thereof, in any subsequent proceeding in this or any other action;

   ii. The right to object to the use of any Response to Defendant Pace's Requests or the subject matter thereof in any subsequent proceeding in this or any other action; and

   iii. The right to object on any ground at any time to a demand for further responses to Defendant Pace's Requests or other discovery involving or relating to the subject matter of the Requests.

4. Patterson objects to these Requests to the extent they call for production of information and documents irrelevant or unrelated to the issues in this litigation.

5. Patterson objects to these Requests to the extent they call for production of information and documents not in Patterson's possession, custody, or control.

6. Patterson objects to these Requests to the extent they are vague, ambiguous, overly broad, overly burdensome, or disproportionate to the needs of the case.

7. Each Response to Defendant Pace's Requests is subject to the Preliminary Statement and General Objections as well as the objections made to each specific Request. By responding to certain of Defendant Pace's Requests, Patterson does not waive the Preliminary Statement and General Objections or any specific objections to specific Requests.

8. Patterson objects to the list of requested ESI custodians provided in Paragraph 11

of the Instructions accompanying Defendant Pace's Requests for Production, because not all individuals named are likely to have documents or information relevant to this matter and/or responsive to Defendant Pace's Requests. Patterson will meet-and-confer separately with respect to Defendant Pace's custodian list.

9. Patterson encourages further discussion between counsel regarding Defendant Pace's Requests and Patterson's Responses with the expectation and hope that such discussions can lead to further agreement regarding any disputes.

**RESPONSES TO DEFENDANT PACE'S REQUESTS FOR PRODUCTION**

**REQUEST FOR PRODUCTION NO. 1:**

**Documents and communications between Patterson and Patterson's current or prospective customers from (and inclusive of) March 18, 2019 through the present that mention or refer to Pace.**

**RESPONSE:**

Subject to and without waiving its objections, Patterson will produce non-privileged, responsive documents it is able to locate after a reasonable, diligent search.

**REQUEST FOR PRODUCTION NO. 2:**

**Documents and communications within Patterson from (and inclusive of) March 18, 2019 through the present that mention or refer to Pace.**

**RESPONSE:**

Patterson objects to Request for Production No. 2 because it is overly broad and disproportionate to the needs of this case because it seeks every single document or communication relating to Defendant Pace regardless of whether such documents are relevant to this matter. Patterson further objects to Request for Production No. 2 to the extent it seeks documents protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving its

objections, Patterson will produce non-privileged, responsive documents it is able to locate after a reasonable, diligent search.

**REQUEST FOR PRODUCTION NO. 3:**

**Documents and communications from (and inclusive of) March 18, 2019 through the present not otherwise responsive to Request Nos. 2 or 3 that mention or refer to Pace.**

**RESPONSE:**

Patterson objects to Request for Production No. 3 because it is overly broad and disproportionate to the needs of this case because it seeks every single document or communication relating to Defendant Pace regardless of whether such documents are relevant to this matter. Patterson further objects to Request for Production No. 3 to the extent it seeks documents produced by the attorney-client and/or work product doctrine. Subject to and without waiving its objections, Patterson will produce non-privileged, responsive documents it is able to locate after a reasonable, diligent search.

**REQUEST FOR PRODUCTION NO. 4:**

**Documents and communications that are identified or referred to in Patterson's responses to Pace's Interrogatories or that are otherwise responsive to Pace's Interrogatories.**

**RESPONSE:**

Subject to and without waiving its objections, Patterson will produce non-privileged, responsive, documents it is able to locate after a reasonable, diligent search.

**REQUEST FOR PRODUCTION NO. 5:**

**Documents and communications Patterson intends to use as an exhibit in any forthcoming motion or at trial.**

**RESPONSE:**

Patterson objects to Request for Production No. 5 because it is premature. Patterson has not yet determined which documents it will use at trial or as attachments to any motions. Patterson

will produce such documents in accordance with the Federal Rules of Civil Procedure and any scheduling order issued by the Court.

**REQUEST FOR PRODUCTION NO. 6:**

**Payroll records, communications and other documents sufficient to show any payment, gratuity, benefit, or other compensation Patterson gave or may give any individual who provides any statement in this Action.**

**RESPONSE:**

Patterson objects to Request for Production No. 6 because it is overly broad, irrelevant, and disproportionate to the needs of this case. Subject to and without waiving its objections, Patterson states that it has not given any payment or benefit to any person in return for providing a statement in this Action.

**REQUEST FOR PRODUCTION NO. 7:**

**Patterson employment handbooks, policies, procedures, training materials, or other written guidance Patterson gave Pace regarding the identification, treatment, maintenance, protection, or use of Patterson's confidential information.**

**RESPONSE:**

Subject to and without waiving its objections, Patterson will produce non-privileged, responsive documents it is able to locate after a reasonable, diligent search.

**REQUEST FOR PRODUCTION NO. 8:**

**Patterson employment handbooks, policies, procedures, training materials, and other written guidance Patterson gave Pace regarding the maintenance and use of personal devices or personal accounts to perform work for Patterson or otherwise access, store, transmit, or download Patterson property or information.**

**RESPONSE:**

Subject to and without waiving its objections, Patterson will produce non-privileged, responsive documents it is able to locate after a reasonable, diligent search.

**REQUEST FOR PRODUCTION NO. 9:**

**All employment handbooks, policies, procedures, checklists, training materials, forms and other written guidance Patterson managers and employees received regarding departing employees, including without limitation the use of exit interviews and retrieval of Patterson property and information.**

**RESPONSE:**

Patterson objects to Request for Production No. 9 because it is overly broad and disproportionate to the needs of this case and because it seeks irrelevant documents. Subject to and without waiving its objections, Patterson will produce employment handbooks and policies it is able to locate after a reasonable diligent search for employees who work for Patterson in Colorado.

**REQUEST FOR PRODUCTION NO. 10:**

**Documents and communications evidencing Patterson's efforts to retrieve Patterson's property and information from departing Patterson sales representatives, CEREC specialists, CAD/CAM representatives, managers, and employees, including Pace, before their employment terminated and to restrict said individuals' access to Patterson's property and information after their employment terminated.**

**RESPONSE:**

Patterson objects to Request for Production No. 10 because it is overly broad, disproportionate to the needs of this case and because it seeks irrelevant documents. Patterson further objects to Request for Production No. 10 as unduly burdensome. Subject to and without waiving its objections, Patterson will produce employment handbooks and policies it is able to locate after a reasonable diligent search relating to restriction of Colorado employees' access to confidential information. Patterson also refers Defendant Pace to the multiple communications sent to her and Henry Schein (copies of which she already has) showing Patterson's efforts to retrieve Patterson's property and information from Pace after she had submitted her resignation.

**REQUEST FOR PRODUCTION NO. 11:**

**Documents and communications that individuals referenced in Paragraph 11 of these Requests' Instructions sent from their Patterson email accounts to their personal email accounts.**

**RESPONSE:**

Patterson objects to Request for Production No. 11 because it is overly broad, unduly burdensome, and disproportionate to the needs of this case and because it seeks irrelevant documents.

**REQUEST FOR PRODUCTION NO. 12:**

**Documents and communications that individuals referenced in Paragraph 11 of these Requests' Instructions sent or received discussing, referring to, or mentioning accessibility, storing, or sharing of Patterson documents and information on Dropbox.**

**RESPONSE:**

Patterson objects to Request for Production No. 12 because it is overly broad, unduly burdensome, and disproportionate to the needs of this case because it seeks irrelevant documents.

**REQUEST FOR PRODUCTION NO. 13:**

**Documents and communications that individuals referenced in Paragraph 11 of these Requests' Instructions sent or received discussing, referring to, or [sic] Patterson on Facebook, including but not limited to public or private Patterson Facebook groups.**

**RESPONSE:**

Patterson objects to Request for Production No. 13 because it is overly broad, unduly burdensome, and disproportionate to the needs of this case and because it seeks irrelevant documents. Additionally, Patterson objects to Request for Production No. 13 because it seeks information not within Patterson's possession or control. Patterson further notes that if Defendant Pace seeks all documents that reference "Patterson" on a "Patterson Facebook group," this would presumably include every posting or communication on such Patterson Facebook group.

**REQUEST FOR PRODUCTION NO. 14:**

A map of all Patterson network drives or other computer systems containing electronic folders where Patterson has stored Asserted Trade Secrets or Asserted Confidential Information.

**RESPONSE:**

Patterson objects to Request for Production No. 14 because it is overly broad, unduly burdensome, and disproportionate to the needs of this case and because it seeks irrelevant documents. Patterson further objects to Request for Production No. 14 as vague and ambiguous, particularly with respect to the terms "map" and "other computer systems."

**REQUEST FOR PRODUCTION NO. 15:**

For each shared electronic folder or shared drive in Patterson's network or other computer system containing Asserted Trade Secrets or Asserted Confidential Information, all documents showing access permissions and restrictions and any changes made thereto.

**RESPONSE:**

Patterson objects to Request for Production No. 15 because it is overly broad, unduly burdensome, and disproportionate to the needs of this case and because it seeks irrelevant documents. Patterson further objects to Request for Production No. 15 as vague and ambiguous, particularly with respect to the term "other computer system."

**REQUEST FOR PRODUCTION NO. 16:**

All of Patterson's agreements with the individuals named in paragraph 11 of these Requests' Instructions, *supra*.

**RESPONSE:**

Patterson objects to Request for Production No. 16 because it is vague and ambiguous with respect to the term "[a]ll of Patterson's agreements with" and because it is overly broad, disproportionate to the needs of this case, and because it seeks irrelevant documents. Subject to and without waiving its objections, Patterson will produce copies of Employee Agreements entered

into by such individuals which are the same or similar to the Employee Agreement Defendant Pace entered into with Patterson.

**REQUEST FOR PRODUCTION NO. 17:**

**Documents that show the access history, including but not limited to any audit history or access logs, for all folders and documents that contain or comprise your Asserted Trade Secrets or Asserted Confidential Information.**

**RESPONSE:**

Patterson objects to Request for Production No. 17 because it is overly broad, disproportionate to the needs of this case, irrelevant, and vague.

**REQUEST FOR PRODUCTION NO. 18:**

**Documents constituting, reflecting, referring to, or concerning communications with Dr. Ryan Cooper or his practice, Suncreek Dental, since January 1, 2018, including but not limited to documents concerning any sales or prospective sales to Dr. Cooper or his practice by Patterson.**

**RESPONSE:**

Subject to and without waiving its objections, Patterson will produce responsive documents it is able to locate after a reasonable, diligent search reflecting its own communications with Dr. Cooper.

**REQUEST FOR PRODUCTION NO. 19:**

**Documents constituting, reflecting, referring to, or concerning communications with Dr. Butterman or his dental practice since January 1, 2018, including but not limited to documents concerning any sales or prospective sales to Dr. Butterman or his practice by Patterson.**

**RESPONSE:**

Subject to and without waiving its objections, Patterson will produce responsive documents it is able to locate after a reasonable, diligent search reflecting its own communications with Dr. Butterman.

**REQUEST FOR PRODUCTION NO. 20:**

**Documents constituting, reflecting, referring to, or concerning communications with Dr. Mollner or his dental practice since January 1, 2018, including but not limited to documents concerning any sales or prospective sales to Dr. Mollner or his practice by Patterson.**

**RESPONSE:**

Subject to and without waiving any objections, Patterson will produce responsive documents it is able to locate after a reasonable, diligent search reflecting its own communications with Dr. Mollner.

**REQUEST FOR PRODUCTION NO. 21:**

**Documents and communications from March 18, 2019 through the present concerning customers and prospective customers assigned to Pace, or whom Pace solicited or did business with, during her employment at Patterson.**

**RESPONSE:**

Patterson objects to Request for Production No. 21 because it is overly broad, unduly burdensome, and disproportionate to the needs of this case and because it seeks irrelevant documents. *See also* Response to Request No. 22.

**REQUEST FOR PRODUCTION NO. 22:**

**Documents and communications concerning lost customers, lost sales or diminished sales that you allege have been caused by Pace. Such documents should show specific products, specific customers, and specific quantities.**

**RESPONSE:**

Patterson objects to Request for Production No. 22 to the extent it seeks information protected by the attorney-client privilege and/or work product doctrine. Subject to and without waiving its objections, Patterson will produce responsive, non-privileged information it is able to locate after a reasonable, diligent search.

AS TO OBJECTIONS:

Dated:  January 3, 2020 **JONES DAY**

/s/  *Joseph W. Hammell*
Joseph W. Hammell (MN No. 0172698)
jhammell@jonesday.com
Kristin K. Zinsmaster (MN No. 0391299)
kzinsmaster@jonesday.com
90 South Seventh Street, Suite 4950
Minneapolis, MN  55402
(612) 217-8800

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of January, 2020, I served the foregoing on counsel for Defendant Daniele Pace via email, pursuant to agreement by the parties.

Christopher W. Madel
Stephen M. Premo
MADEL PA
800 Hennepin Avenue
800 Pence Building
Minneapolis, MN 55403
Phone: (612) 605-0630
Fax: (612) 326-9990
Email: cmadel@madellaw.com
spremo@madellaw.com
madelpafile@madellaw.com

I further hereby certify that on this 3rd day of January, 2020, I served the foregoing on Defendant Henry Schein's Registered Agent via U.S. Mail.

Henry Schein, Inc.
c/o Corporation Service Company
80 State Street
Albany, New York 12207-2543

Dated: January 3, 2020

**JONES DAY**

By: */s/ Kristin K. Zinsmaster*
Joseph W. Hammell
Kristin K. Zinsmaster
90 South 7th Street, Suite 4950
Minneapolis, MN 55402
(612) 217-8800
Email: kzinsmaster@jonesday.com
jhammell@jonesday.com

*Counsel for Plaintiff*