IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA

Patterson Dental Supply, Inc.,

    Plaintiff,      Case File No. 19-cv-01940-JNE-LIB

  v.

Daniele Pace and Henry Schein,

    Inc., Defendant.

## DEFENDANT HENRY SCHEIN INC.'S AMENDED ANSWER TO SECOND AMENDED COMPLAINT, DEFENSES AND COUNTERCLAIMS

Defendant Henry Schein, Inc. ("HSI" or "Answering Defendant"), for its Answer in response to the Second Amended Complaint of Plaintiff Patterson Dental Supply, Inc. ("Patterson"), states and alleges as follows:

## THE PARTIES

1. Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 1 of the Second Amended Complaint, except admits, on information and belief, the second sentence thereof.

2. Admits, on information and belief, the first two sentences of Paragraph 2 of the Second Amended Complaint, except denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the third sentence thereof.

3. Denies the allegations contained in Paragraph 3 of the Second Amended Complaint, except admits that its principal place of business is located at 135 Duryea Road,

Melville, NY 11747, and that it is a competitor of plaintiff's with respect to aspects of the distribution of supplies, equipment and software to dental professional practices.

<u>**JURISDICTION AND VENUE**</u>

4.      Paragraph 4 of the Second Amended Complaint consists entirely of legal conclusions to which no answer is required; to the extent a response is deemed to be required, HSI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 4 of the Second Amended Complaint, except admits, on information and belief, that there is diversity of citizenship.

5.      Paragraph 5 of the Second Amended Complaint consists entirely of legal conclusions to which no answer is required; to the extent a response is deemed to be required, HSI denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 5 of the Second Amended Complaint, except admits that a document entitled Employee Agreement is attached to the Second Amended Complaint as Exhibit l, and refers the Court to the document for the terms and provisions thereof.

6.      Admits the allegations contained in Paragraph 6 of the Second Amended Complaint.

7.      Paragraph 7 of the Second Amended Complaint consists entirely of legal conclusions to which no answer is required; to the extent a response is deemed to be required, HSI denies the allegations contained in Paragraph 7 of the Second Amended Complaint.

8.      Paragraph 8 of the Second Amended Complaint consists entirely of legal conclusions to which no answer is required; to the extent a response is deemed to be required, HSI denies the allegations contained in Paragraph 8 of the Second Amended Complaint.

9.      Denies knowledge or information sufficient to form a belief as to the truth or falsity

of the allegations contained in Paragraph 9 of the Second Amended Complaint.

10.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of the Second Amended Complaint, except admits that plaintiff is no longer the exclusive distributor of CEREC.

11.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of the Second Amended Complaint, and states that CEREC is a term which stands for Ceramic Reconstruction and CAD/CAM is a term used in many industries which stands for computer aided design/computer aided manufacturing.

12.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of the Second Amended Complaint.

13.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of the Second Amended Complaint.

14.    Denies the allegations contained in Paragraph 14 of the Second Amended Complaint, except alleges that Defendant Daniele Pace ("Pace") began working at HSI on or about March 19, 2019, and admits that it and plaintiff are competitors in distributing products to the dental professional market.

15.    Admits the allegations contained in Paragraph 15 of the Second Amended Complaint.

16.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of the Second Amended Complaint.

17.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 17 of the Second Amended Complaint, except respectfully refers the Court to the document for its terms and conditions.

18.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 18 of the Second Amended Complaint, except respectfully refers the Court to the document for its terms and conditions.

19.     Denies the allegations contained in Paragraph 19 of the Second Amended Complaint, except respectfully refers the Court to the document for its terms and conditions.

20.     Denies the allegations contained in Paragraph 20 of the Second Amended Complaint, except respectfully refers the Court to the document for its terms and conditions.

21.     Denies the allegations contained in Paragraph 21 of the Second Amended Complaint, except respectfully refers the Court to the document for its terms and conditions.

22.     Denies the allegations contained in Paragraph 22 of the Second Amended Complaint, except respectfully refers the Court to the document for its terms and conditions.

23.     Denies the allegations contained in Paragraph 23 of the Second Amended Complaint, except respectfully refers the Court to the document for its terms and conditions.

24.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of the Second Amended Complaint, except respectfully refers the Court to the document for its terms and conditions.

25.     Denies the allegations contained in Paragraph 25 of the Second Amended Complaint insofar as alleged against it; denies knowledge and information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 25 of the Second Amended Complaint, insofar as it purports to describe others.

26.     Denies the allegations contained in Paragraph 26 of the Second Amended Complaint, except admits that HSI and Pace are parties to an agreement, and that, in the past, HSI has sought to enforce certain agreements.

27.     Denies the allegations contained in Paragraph 27 of the Second Amended Complaint, except states that there was a communication between HSI and Pace in July 2018.

28.     Denies the allegations contained in Paragraph 28 of the Second Amended Complaint.

29.     Denies the allegations contained in Paragraph 29 of the Second Amended Complaint.

30.     Denies the allegations contained in Paragraph 30 of the Second Amended Complaint, except admits that HSI has agreed to bear or reimburse some or all of the legal fees and/or costs Pace has incurred in this action, and alleges that HSI's offer occurred after Patterson threatened litigation against Pace and was not made as part of, or in conjunction with, any offer of employment to Pace.

31.      Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the first sentence of Paragraph 31 of the Second Amended Complaint and denies the allegations contained in the second, third and fourth sentence thereof, except admit that Pace began working at HSI on March 19, 2019 as a Regional Sales Manager in the Denver market.

32.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 32 of the Second Amended Complaint.

33.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 33 of the Second Amended Complaint.

34.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 34 of the Second Amended Complaint.

35.     Denies the allegations contained in Paragraph 35 of the Second Amended

Complaint except admits that HSI received a letter from Patterson addressed to Lorelei McGlynn on or about March 19, 2019, and alleges that the information provided by Patterson in this letter was materially false and misleading and misrepresented the alleged agreement between Patterson and Pace, as well as Pace's obligations thereunder.

36.    Denies, on information and belief, the allegations contained in Paragraph 36 of the Second Amended Complaint.

37.    Denies, on information and belief, the allegations contained in Paragraph 37 of the Second Amended Complaint.

38.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 38 of the Second Amended Complaint.

39.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 39 of the Second Amended Complaint.

40.    Denies, on information and belief, the allegations contained in Paragraph 40 of the Second Amended Complaint.

41.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 41 of the Second Amended Complaint.

42.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 42 of the Second Amended Complaint

43.    Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 43 of the Second Amended Complaint

44.    Denies, on information and belief, the allegations contained in Paragraph 44 of the Second Amended Complaint.

45.    Denies, on information and belief, the allegations contained in Paragraph 45 of the

Second Amended Complaint.

46.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 46 of the Second Amended Complaint.

47.     Admits the allegations contained in Paragraph 47 of the Second Amended Complaint.

48.     Denies, on information and belief, the allegations contained in the first sentence of Paragraph 48 of the Second Amended Complaint. Denies the allegations contained in the second sentence thereof.

49.     Denies, on information and belief, the allegations contained in the first sentence of Paragraph 49 of the Second Amended Complaint. Denies the allegations contained in the second sentence thereof.

50.     Denies the allegations contained in Paragraph 50 of the Second Amended Complaint.

51.     Denies the allegations contained in Paragraph 51 of the Second Amended Complaint, except alleges that: plaintiff's allegations pertain to Pace's activities as an employee of HSI; plaintiff has consistently threatened, from inception, to sue HSI in connection with this matter; plaintiff's demands to HSI in this matter, from inception, took place when Pace was employed by HSI and pertained to her conduct as an employee of HSI; Pace and HSI share a common legal interest in defending against Patterson's claims herein, and thus, admits that counsel for HSI have coordinated accordingly with Pace and that HSI has agreed to bear some or all of the legal fees and/or costs Pace has incurred in this action.

52.     HSI states that communications between counsel, including Pace and Pace's counsel's communication with HSI and its counsel, are protected from compelled disclosure by

the attorney-client privilege, the common-interest doctrine and work-product doctrine; attempting to require or induce HSI or Pace to admit or deny the content of counsel's communications with Henry Schein's counsel could constitute a violation of the Minnesota Rules of Professional Conduct, and thus, plaintiff may not demand a response to these allegations and they must be deemed denied. Further answering, the Answering Defendant states that the document constituting Pace's Rule 26(a)(1) Initial Disclosures speaks for itself and therefore denies any allegations inconsistent therewith.

53.     Denies each and every allegation of Paragraph 53 of the Second Amended Complaint, except respectfully refers the Court to the documents alleged to determine their provisions and content.

54.     Denies each and every allegation contained in Paragraph 54 of the Second Amended Complaint except admits that HSI's Vice President and Senior Counsel, Marjorie Han, sent a letter from HSI on or about June 7, 2019, and further states that the document speaks for itself and therefore denies the allegations of the Second Amended Complaint inconsistent therewith.

55.     Denies each and every allegation contained in Paragraph 55 of the Second Amended Complaint and further states that Pace's Amended and Supplemental Responses to Patterson's Interrogatories speak for themselves and therefore denies the allegations of the Second Amended Complaint inconsistent therewith.

## CAUSES OF ACTION

### COUNT I
### BREACH OF CONTRACT
**(Against Daniele Pace)**

56.     Repeats and re-alleges the response to each and every allegation of the preceding

paragraphs, inclusive, as if fully contained herein.

57.     Paragraph 57 of the Second Amended Complaint consists of allegations that are not directed to HSI and consists entirely of legal conclusions to which no answer is required; to the extent a response is required, HSI denies the allegations contained in Paragraph 57.

58.     Paragraph 58 of the Second Amended Complaint consists of allegations that are not directed to HSI and consists entirely of legal conclusions to which no answer is required; to the extent a response is required, HSI denies the allegations contained in Paragraph 58.

59.     Paragraph 59 of the Second Amended Complaint consists of allegations that are not directed to HSI and consists entirely of legal conclusions to which no answer is required; to the extent a response is required, HSI denies the allegations contained in Paragraph 59.

60.     Paragraph 60 of the Second Amended Complaint consists of allegations that are not directed to HSI; to the extent a response is required, HSI denies, on information and belief, the allegations contained in Paragraph 60.

61.     Paragraph 61 of the Second Amended Complaint consists of allegations that are not directed to HSI; to the extent a response is required, HSI denies the allegations contained in Paragraph 61.

62.      Paragraph 62 of the Second Amended Complaint consists of allegations that are not directed to HSI; to the extent a response is required, HSI denies the allegations contained in Paragraph 62.

63.     Paragraph 63 of the Second Amended Complaint consists of allegations that are not directed to HSI; to the extent a response is required, HSI denies the allegations contained in Paragraph 63.

64.     Paragraph 64 of the Second Amended Complaint consists of allegations that are

not directed to HSI; to the extent a response is required, HSI denies the allegations contained in Paragraph 64.

65.     Paragraph 65 of the Second Amended Complaint consists of allegations that are not directed to HSI; to the extent a response is required, HSI denies the allegations contained in paragraph 65.

## COUNT II
## MISAPPROPRIATION OF TRADE SECRETS
### (Against All Defendants)

66.     Repeats and re-alleges the response to each and every allegation of the preceding paragraphs, inclusive, as if fully contained herein.

67.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 67 of the Second Amended Complaint.

68.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 68 of the Second Amended Complaint.

69.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 69 of the Second Amended Complaint.

70.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 70 of the Second Amended Complaint.

71.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 71 of the Second Amended Complaint.

72.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 72 of the Second Amended Complaint.

73.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 73 of the Second Amended Complaint except

admits that HSI was aware of the document alleged.

74.     Denies the allegations contained in Paragraph 74 of the Second Amended Complaint.

75.     Denies the allegations contained in Paragraph 75 of the Second Amended Complaint.

76.     Denies the allegations contained in Paragraph 76 of the Second Amended Complaint.

77.     Denies the allegations contained in Paragraph 77 of the Second Amended Complaint.

78.     Denies the allegations contained in Paragraph 78 of the Second Amended Complaint.

79.     Denies the allegations contained in Paragraph 79 of the Second Amended Complaint.

80.     Denies the allegations contained in Paragraph 80 of the Second Amended Complaint.

81.     Denies the allegations contained in Paragraph 81 of the Second Amended Complaint.

## COUNT III
## CONVERSION
### (Against Daniele Pace)

82.     Repeats and re-alleges the response to each and every allegation of the preceding paragraphs, inclusive, as if fully contained herein.

83.     Paragraph 83 of the second Amended Complaint consists of allegations that are not directed to HSI; to the extent a response is required, HSI denies the allegations contained in

Paragraph 83.

84.     Paragraph 84 of the Second Amended Complaint consists of allegations that are not directed to HSI; to the extent a response is required, HSI denies the allegations contained in Paragraph 84.

85.     Paragraph 85 of the Second Amended Complaint consists of allegations that are not directed to HSI; to the extent a response is required, HSI denies the allegations contained in Paragraph 85.

86.     Paragraph 86 of the Second Amended Complaint consists of allegations that are not directed to HSI; to the extent a response is required, HSI denies the allegations contained in Paragraph 86.

87.     Paragraph 87 of the Second Amended Complaint consists of allegations that are not directed to HSI; to the extent a response is required, HSI denies the allegations contained in Paragraph 87.

88.     Paragraph 88 of the Second Amended Complaint consists of allegations that are not directed to HSI; to the extent a response is required, HSI denies the allegations contained in Paragraph 88.

89.     Paragraph 89 of the Second Amended Complaint consists of allegations that are not directed to HSI; to the extent a response is required, HSI denies the allegations contained in Paragraph 89.

### COUNT IV
### TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONSHIPS
**(Against All Defendants)**

90.     Repeats and re-alleges the response to each and every allegation of the preceding paragraphs, inclusive, as if fully contained herein.

91.     Denies the allegations contained in Paragraph 91 of the Second Amended Complaint, except admits the existence of the document alleged, and alleges that the meaning and import thereof are contested issues for the Court to decide.

92.     Denies the allegations contained in Paragraph 92 of the Second Amended Complaint, except admits the existence of the document alleged in Paragraph 91, and alleges that the meaning and import thereof are contested issues for the Court to decide.

93.     Denies the allegations contained in Paragraph 93 of the Second Amended Complaint.

94.     Denies knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 94 of the Second Amended Complaint.

95.     Denies the allegations contained in Paragraph 95 of the Second Amended Complaint.

96.     Denies the allegations contained in Paragraph 96 of the Second Amended Complaint.

97.     Denies the allegations contained in Paragraph 97 of the Second Amended Complaint.

98.     Denies the allegations contained in Paragraph 98 of the Second Amended Complaint.

## COUNT V
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE
**(Against All Defendants)**

99.     Repeats and re-alleges the response to each and every allegation of the preceding paragraphs, inclusive, as if fully contained herein.

100.   Denies the allegations contained in Paragraph 100 of the Second Amended Complaint.

101.   Denies the allegations contained in Paragraph 101 of the Second Amended Complaint.

102.   Denies the allegations contained in Paragraph 102 of the Second Amended Complaint.

103.   Denies the allegations contained in Paragraph 103 of the Second Amended Complaint.

104.   Denies the allegations contained in Paragraph 104 of the Second Amended Complaint.

105.   Denies the allegations contained in Paragraph 105 of the Second Amended Complaint.

106.   Denies the allegations contained in Paragraph 106 of the Second Amended Complaint.

107.   Denies the allegations contained in Paragraph 107 of the Second Amended Complaint.

108.   Denies the allegations contained in Paragraph 108 of the Second Amended Complaint.

## COUNT VI
## BREACH OF FIDUCIARY DUTY AND DUTY OF LOYALTY
### (Against Daniele Pace)

109.   Repeats and re-alleges the response to each and every allegation of the preceding paragraphs, inclusive, as if fully contained herein.

110.    Paragraph 110 of the Second Amended Complaint consists of allegations that are not directed to HSI; to the extent a response is required, HSI denies the allegations contained in Paragraph 110.

111.    Paragraph 111 of the Second Amended Complaint consists of allegations that are not directed to HSI; to the extent a response is required, HSI denies the allegations contained in Paragraph 111.

112.    Paragraph 112 of the Second Amended Complaint consists of allegations that are not directed to HSI; to the extent a response is required, HSI denies the allegations contained in Paragraph 112.

113.    Paragraph 113 of the Second Amended Complaint consists of allegations that are not directed to HSI; to the extent a response is required, HSI denies the allegations contained in Paragraph 113.

114.    Paragraph 114 of the Second Amended Complaint consists of allegations that are not directed to HSI; to the extent a response is required, HSI denies the allegations contained in Paragraph 114.

115.    Paragraph 115 of the Second Amended Complaint consists of allegations that are not directed to HSI; to the extent a response is required, HSI denies the allegations contained in Paragraph 115.

116.    Paragraph 116 of the Second Amended Complaint consists of allegations that are not directed to HSI; to the extent a response is required, HSI denies the allegations contained in Paragraph 116.

117.    Paragraph 117 of the Second Amended Complaint consists of allegations that are not directed to HSI; to the extent a response is required, HSI denies the allegations contained in

Paragraph 117.

118.    Paragraph 118 of the Second Amended Complaint consists of allegations that are not directed to HSI; to the extent a response is required, HSI denies the allegations contained in Paragraph 118.

**COUNT VII**
**INDUCING, AIDING AND ABETTING BREACHES**
**(Against Henry Schein)**

119.    Repeats and re-alleges the response to each and every allegation of the preceding paragraphs, inclusive, as if fully contained herein.

120.    Denies the allegations contained in Paragraph 120 of the Second Amended Complaint.

121.    Denies the allegations contained in Paragraph 121 of the Second Amended Complaint.

122.    Denies the allegations contained in Paragraph 122 of the Second Amended Complaint.

123.    Denies the allegations contained in Paragraph 123 of the Second Amended Complaint.

**COUNT VIII**
**CONSPIRACY**
**(Against All Defendants)**

124.    Repeats and re-alleges the response to each and every allegation of the preceding paragraphs, inclusive, as if fully contained herein.

125.    Denies the allegations contained in Paragraph 125 of the Second Amended Complaint.

126.   Denies the allegations contained in Paragraph 126 of the Second Amended Complaint.

127.   Denies the allegations contained in Paragraph 127 of the Second Amended Complaint.

128.   Denies the allegations contained in Paragraph 128 of the Second Amended Complaint.

129.   Denies the allegations contained in Paragraph 129 of the Second Amended Complaint.

## PRAYER FOR RELIEF

130.   Denies the allegations contained in the "Wherefore" clause and in the subparagraphs enumerated therein and avers that Plaintiff is not entitled to any of the relief requested or any other relief against defendants.

## ADDITIONAL DEFENSES

NOW FURTHER ANSWERING the Second Amended Complaint, without admitting to liability to any of Patterson's claims, HSI states its additional defenses as follows:

## FIRST DEFENSE

Patterson's Second Amended Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Patterson's claims are barred, in whole or in part, by the equitable doctrines of estoppel, consent, waiver, ratification, laches, acquiescence, and unclean hands.

## THIRD DEFENSE

The non-competition and non-solicitation provisions of the employment agreement signed by Pace on February 9, 2018 are no longer in effect. Alternatively, if the provisions of the Agreement are deemed to be still in effect, some or all of these provisions are overly broad, void, illegal, and unenforceable under Colorado and/or Minnesota law.

## FOURTH DEFENSE

Pace did not use any Patterson confidential information or trade secrets to compete with Patterson, and did not disclose any Patterson confidential information to HSI or anyone else.

## FIFTH DEFENSE

Some or all of the alleged trade secrets and confidential information identified by Patterson is readily ascertainable and thus cannot constitute trade secrets or confidential information within the meaning of the Colorado Uniform Trade Secrets Act ("CUTSA") or the Minnesota Uniform Trade Secrets Act ("MUTSA").

## SIXTH DEFENSE

Patterson failed to exercise reasonable caution and means to maintain the confidentiality of some or all of the alleged confidential information and trade secrets, and the information is no longer subject to protection by this Court.

## SEVENTH DEFENSE

Patterson cannot establish that Pace's conduct constitutes misappropriation as defined by the Colorado Uniform Trade Practices Act ("CUTPA").

## EIGHTH DEFENSE

Patterson is preempted under the CUTSA from claiming "inducing, aiding, and abetting breaches," as such claims are derivative of statutory claims for trade secret misappropriation.

Further, all of plaintiff's common law claims are pre-empted by the statute.

## NINTH DEFENSE

Patterson is preempted under the CUTSA from claiming conspiracy, as such claim is derivative of statutory claims for trade secret misappropriation.

## TENTH DEFENSE

To the extent Patterson is claiming trade secret misappropriation under common law, Patterson is preempted under the CUTSA from making such claim, as it is derivative of statutory claims for trade secret misappropriation.

## ELEVENTH DEFENSE

Plaintiff's complaint is pre-empted on the same grounds as set forth above, under the MUTSA.

## TWELFTH DEFENSE

Plaintiff's Complaint is preempted, in whole or in part, on additional grounds, by the Colorado Uniform Trade Secrets Act and/or the Minnesota Uniform Trade Secrets Act.

## THIRTEENTH DEFENSE

Patterson cannot meet its burden of proving its right to temporary or permanent injunctive relief.

## FOURTEENTH DEFENSE

Patterson has not been damaged by any action or conduct of HSI.

## FIFTEENTH DEFENSE

Any costs or expenses incurred by Patterson as a result of Pace's decision to leave Patterson are a regular cost of doing business and do not constitute recoverable damages.

## SIXTEENTH DEFENSE

Patterson's claim for damages are barred, in whole or in part, by its failure to mitigate damages.

## SEVENTEENTH DEFENSE

Patterson is not entitled to an award of attorneys' fees.

## EIGHTEENTH DEFENSE

Patterson is not entitled to exemplary or punitive damages.

## NINETEENTH DEFENSE

Patterson's claims and actions during the course of this litigation were made in bad faith. Accordingly, plaintiff is not entitled to relief, and HSI is entitled to recover its attorneys' fees and costs from Patterson.

## TWENTIETH DEFENSE

Plaintiff's Complaint is barred, in whole or in part, on the grounds that Plaintiff has not suffered any cognizable legal injury.

## TWENTY-FIRST DEFENSE

Plaintiff's Complaint is barred, in whole or in part, on the grounds that Plaintiff is seeking damages that are wholly speculative in nature.

## TWENTY-SECOND DEFENSE

Plaintiff's actions prior to filing suit, and in bringing this action, constitute an improper effort to restrain competition and employee mobility in violation of law and public policy.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred, in whole or in part, as Plaintiff failed to adequately protect

its alleged trade secrets.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred, in whole or in part, as the information Plaintiff's claims derive from do not constitute trade secrets.

## TWENTY-FIFTH DEFENSE

Defendant acted in good faith and did not directly or indirectly perform any acts that would constitute a violation of any rights of, or any duty owed to, Plaintiff.

## TWENTY-SIXTH DEFENSE

Plaintiff's claims are barred, in whole or in part, on the grounds that any injury is not immediate and irreparable, Plaintiff would have an adequate remedy at law, the balance of hardships favors no injunction, and the public interest is best served by no injunction.

## TWENTY-SEVENTH DEFENSE

Plaintiff failed to take reasonable measures to protect the confidentiality and secrecy of its alleged trade secrets, and accordingly, it may not prevail on its claims under the trade secrets act. Any protection that might have been available to plaintiff was waived by plaintiff's conduct.

## TWENTY-EIGHTH DEFENSE

None of the purported trade secrets as to which plaintiff seeks relief derive independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from their disclosure or use.

## TWENTY-NINTH DEFENSE

The purported trade secrets as to which plaintiff seeks relief are either known to others in the trade, or are readily ascertainable by proper means, and accordingly, may not form the basis

for any relief.

### THIRTIETH DEFENSE

The purported trade secrets as to which plaintiff seeks relief were neither communicated to nor used by HSI, and may not be the basis for any relief herein.

### THIRTY-FIRST DEFENSE

The information that plaintiff Patterson purports to want to protect by bringing this action, does not constitute trade secret material under the trade secret act, and accordingly, the Agreement which Patterson seeks to enforce against Pace is illegal and unenforceable under applicable law, and may not be the basis for any relief, against any defendant herein.

### THIRTY-SECOND DEFENSE

This court lacks jurisdiction over Henry Schein, Inc., in connection with the present matter.

### THIRTY-THIRD DEFENSE

The venue of this action is improper as to HSI.

### THIRTY-FOURTH DEFENSE

Patterson's claims are barred, in whole or in part, based on the doctrine of frustration or hardship.

### THIRTY-FIFTH DEFENSE

Patterson's claims are barred, in whole or in part, based on the economic loss doctrine.

### THIRTY-SIXTH DEFENSE

Patterson's claims are barred, in whole or in part, based on the defense of qualified refusal.

## THIRTY-SEVENTH DEFENSE

Patterson's claims are barred, in whole or in part, because Defendant Pace's performance under the contract is excused due to the actions of Plaintiff, which prevented performance, and Defendant HSI was not in breach.

## THIRTY-EIGHTH DEFENSE

Plaintiff's claims are barred, in whole or in part, on the grounds of Defendants' substantial compliance.

## THIRTY-NINTH DEFENSE

Plaintiff's claims for misappropriation are made in bad faith as defined by the Colorado Uniform Trade Practices Act ("CUTPA").

HSI reserves the right to supplement and amend this pleading as required, raising any and all other defenses that may be identified as a result of discovery and further proceedings herein.

## COUNTERCLAIMS

HSI, as for its counterclaims herein against plaintiff Patterson, alleges as follows:

1.     Counterclaim Plaintiff HSI is a corporation, organized and existing under the laws of the State of Delaware, with its principal place of business in Melville, New York. Plaintiff is engaged in the business, *inter alia,* of marketing, distributing, and selling supplies, equipment and other healthcare products, to dental, medical and veterinary practitioners and other healthcare professionals and organizations. Henry Schein Dental is a division of Plaintiff, which concentrates on marketing, distribution, and sale of dental supplies, equipment and business solutions to dentists and the professional dental office.

2.     Counterclaim Defendant Patterson is a competitor of HSI's in the distribution of products to the dental professional market, in the Colorado geographic area and elsewhere.

3.      On information and belief, Patterson is a Minnesota corporation headquartered in Minnesota.

4.      There is complete diversity of citizenship, and the amount in controversy on these counterclaims exceeds $75,000.

5.      This Court has jurisdiction of these counterclaims pursuant to 28 U.S.C. Sections 1332 and 1367.

6.      As a result of competitive conditions and changes in the marketplace, and other factors, a number of Patterson employees have left their employment with Patterson and moved to other companies. On information and belief, persons leaving Patterson's employ have generally left to find better employment for themselves and not for improper purposes or motive.

7.      In the case of Daniele Pace, Patterson's exclusive right to sell certain equipment, called CEREC, which is manufactured and supplied by a third party, Sirona, recently came to an end.  Defendant Pace had been employed by Patterson as a specialist in CEREC equipment. After Patterson no longer had an exclusive on the Sirona products, Pace's role at Patterson was changed to competing with all competitors in selling CAD/CAM equipment, including the Sirona CEREC products.

8.      Pace left Patterson and become a HSI employee.  Pace did not provide HSI with any Patterson trade secrets, and HSI did not seek any such information.

9.      Sirona, the manufacturer of the CEREC products, keeps extensive information on the customers who purchased and are using the CEREC products, and that information is available from Sirona to the companies that distribute the Sirona products, and to others.

10.      Daniele Pace became an employee of HSI to serve as a HSI Regional Sales Manager, a step into management that, on information and belief, she thought was in her best

interests for her future.  A Regional Sales Manager's job is completely different from that of a CAD/CAM specialist, and is only incidentally involved in sales of CAD/CAM or CEREC equipment.  This job does not, in any way, involve the use of Patterson's purported trade secrets.

11.     After Pace left Patterson's employ and joined HSI, Patterson, both directly and through counsel, materially and fraudulently misrepresented the agreement Pace had with Patterson, falsely claimed that she could not solicit any customers.  Patterson declined to provide a copy of the agreement until pressed for one, attempted to trick Pace into signing a new agreement -- which would have further restricted her -- and attempted to interfere with her employment at HSI.

12.     Among others, Patterson sent a letter to HSI, falsely claiming that Pace was subject to certain restrictive covenant agreements to which she was not subject; Patterson was well aware of the actual contract when it made its false claims as aforesaid. Thereafter, counsel for Patterson similarly sent defendants letters, in which counsel falsely claimed that Pace was subject to certain restrictive covenant agreements to which she was not subject, and attempting to get Pace to sign new and expanded commitments to Patterson – on threat of litigation – based on the false narrative provided by counsel.

13.     Patterson's actions were an improper effort to interfere with Pace's employment with HSI, and not a good faith effort to protect any of their legal interests.  Other conduct by Patterson was to like effect.

14.     For example, while she was employed by Patterson, Pace was required by Patterson to supply and use her own computer equipment to do her job.  When Pace left Patterson on March 18, 2019, no one from Patterson asked her to bring her computer in to be inspected or purged, or otherwise requested that any allegedly secret Patterson material be removed.  Rather,

Patterson engaged in false and fraudulent conduct in trying to mislead HSI about Pace's contractual commitments, and trying to get Pace to sign a new, more restrictive commitment.

15.     After HSI demanded a copy of Pace's agreement with Patterson, and after HSI observed that the agreement did not restrict Pace in the way that Patterson claimed, Patterson claimed, for the first time, that Pace had kept Patterson's trade secrets, and that she had to deliver her personal computer to Patterson counsel to examine.  At no time since Pace left Patterson, months earlier, had Patterson made such claims.  It was only when Patterson's false statements concerning the agreement were exposed, that Patterson first claimed that Pace had taken "secret" information and that Pace's computer needed to be searched.

16.     The agreement under which Patterson seeks to restrict Pace is illegal and unenforceable under Colorado law, both because it purports to restrict a former employee in the absence of trade secrets, and because it purports to require a former employee to deliver personal computer equipment to the employer.

17.     Patterson claims to have identified (a) 1,908 documents which are alleged to "contain Patterson Confidential and trade secret information"; (b) 39 e-mails allegedly sent from Pace to her personal e-mail account between 2015 and 2019; and (c) an additional 2,605 documents which are alleged to "contain Patterson Confidential and trade secret information." (collectively, the "Alleged Trade Secrets").

18.     Patterson's Alleged Trade Secrets are not secret, have no independent economic value, were not improperly acquired, disclosed, or used by Pace or HSI to Plaintiff's detriment, contain publicly known, readily ascertainable, stale and/or irrelevant information, and/or are otherwise not subject to protection or not protected by Pace's agreement with Patterson.

19.     Patterson was aware of the foregoing, or became aware during the course of this

proceeding, and nevertheless asserted, and/or continued to assert the foregoing claims concerning the Alleged Trade Secrets.

20.     Patterson claims that it is entitled to damages resulting from its decline in sales to 159 customers of Patterson over a five year period.  Patterson calculates its alleged damages by calculating its decline in sales to the 159 customers over the one year period from February 2018 to 2019 and multiplying that result by five ("Patterson's Alleged Decline in Sales").

21.     No factual basis existed or exists for Patterson's assertion that its decline in sales to the 159 customers over the one year period from February 2018 to 2019 was caused by any improper action or inaction by HSI and/or Pace.

22.     No factual basis existed or exists for Patterson's assertion that its decline in sales to the 159 customers over the one year period from February 2018 to 2019 will continue at the same level for five years.

23.     Paterson calculates its alleged lost profit by multiplying Patterson's Alleged Decline in Sales by a 25% profit margin.  The 2019 Form 10-K filed by Patterson with the Securities and Exchange Commission reveals that its net profit margins (excluding the effect of a goodwill impairment recorded in FY2020) have ranged from approximately 1%  to 6%, and there is no known basis for Patterson's claim of a 25% profit margin on sales such as these.

24.     The decline in sales to the 159 customers over the one year period from February 2018 to 2019 was not caused by HSI.

25.     The decline in sales to 159 customers over the one year period from February 2018 to 2019 was not caused by Pace.

26.     Pace is entitled to solicit and to make sales to the 159 customers identified by Patterson, but may not use Patterson trade secrets in doing so.

27.    HSI is entitled to solicit and make sales to the 159 customers identified by Patterson.

28.    Patterson's claim that its entitled to damages resulting from its decline in sales to 159 customers of Patterson over a one year period, and to multiply that decline by five, is without basis and demonstrates Patterson's intentional effort to interfere with HSI's ability to sell goods and equipment, including CAD/CAM and CEREC equipment, to those 159 customers and in the marketplace.

29.    Patterson claims that it is entitled to damages against defendants resulting from its loss of sales to 9 additional prospective customers.  ("Patterson's Alleged Loss in Sales").

30.    No factual basis existed or exists for Patterson's assertion that Patterson's Alleged Loss in Sales was caused by any improper action or inaction by HSI and/or Pace.  HSI and Pace may lawfully solicit and do business with these customers.

31.    Patterson's continued pursuit of claims against Pace and HSI, despite the absence of any trade secrets, the lack of damages caused by the use of any alleged trade secrets and/or the lack of causation resulting in Patterson's Alleged Decline in Sales, demonstrates that Patterson's conduct is driven by an ulterior motive.

32.    Patterson's conduct with respect to Pace is not a good faith effort to vindicate its legal entitlements, but an improper effort to intimidate Patterson employees from quitting to pursue better opportunities.  It is this ulterior motive that drives Patterson's pursuit of its baseless claims against Pace.

33.    Patterson's conduct with respect to HSI seeks to discourage other companies from hiring Patterson employees, on pain of the inconvenience and expense of legal proceedings and/or exchanges with lawyers. It is consistent with actions Patterson has taken in other

situations. It is this ulterior motive that drives Patterson's pursuit of its baseless claims against HSI.

34.     HSI has been harmed thereby in that it has had to incur legal expenses and its employees, operations and potential customers were interfered with by Patterson's bad faith claims.

## COUNT I
### (ABUSE OF PROCESS)

35.     HSI restates and realleges the preceding paragraphs as if fully set forth herein.

36.     Patterson has engaged in, and is liable for, an abuse of process for the damages it caused by filing and pursuing this action in the Courts of Minnesota and in pursuing the course of action described herein.

37.     Patterson did not bring suit in a good faith effort, to enforce a valid contractual provision, but to effectuate the ulterior motive of placing unlawful restraints on trade, interfering with HSI and Pace, harassing and intimidating employees, and damaging HSI, using the process of the Court to achieve these objectives.

38.     This result is not within the proper scope of legal proceedings against HSI, Pace, and/or others.

39.     HSI has suffered monetary losses as a direct result of Patterson's conduct in an amount to be determined at trial, including but not limited to loss of business opportunity and its attorneys' fees and costs.

40.     Patterson's conduct shows a deliberate disregard for the rights of HSI. Patterson had knowledge of, or learned, the facts evidencing the lack of claims against HSI and

intentionally disregarded those facts to create a high probability of injury to the rights of HSI. Patterson deliberately proceeded to act in intentional disregard of the high degree of probability of injury to the rights of HSI or continued to so act once the underlying facts were known. Patterson's conduct is attended by circumstances entitling HSI to an award of punitive damages from Patterson.

<u>**COUNT II**</u>
**(TORTIOUS INTERFERENCE)**

41.     HSI restates and realleges the preceding paragraphs as if fully set forth herein.

42.     HSI and Pace are parties to an agreement under which Pace is an employee of HSI.

43.     Patterson was aware of the relationship between HSI and Pace.

44.     Patterson wrongfully interfered with and attempted to interfere with the contractual relationship between Pace and HSI by filing a lawsuit that Patterson knew, or should have known, was devoid of support or any reasonable basis in the law, or which Patterson maintained and pursued after such was known.

45.     Patterson acted primarily with a purpose other than that of properly adjudicating its claims, namely, to interfere with Pace and HSI, and to slow her performance and impede her from fulfilling her contract with HSI.

46.     As a result of Patterson's conduct, defendants' efforts were interfered with, and defendants had to spend time, energy and money to address Patterson's false claims.  HSI has suffered monetary losses as a direct result of Patterson's conduct in an amount to be determined at trial, including but not limited to loss of business opportunity, loss of Pace's full attention and

performance, and its attorneys' fees and costs.

47.     But for Patterson's conduct as aforesaid, HSI would not have suffered such harm.

## COUNT III
### (UNFAIR TRADE PRACTICES)

48.     HSI restates and realleges the foregoing paragraphs as if fully set forth herein.

49.     Patterson's actions in accusing HSI of misappropriation, tortious interference and conspiracy, inter alia, and in seeking to restrain and interfere with Pace's employment at HSI, are without merit and oppressive, and constitute an unfair trade practice.

50.     In seeking to obtain temporary and permanent injunctive relief that would prevent Pace from working for HSI and soliciting customers, Patterson has contravened its duty not to engage in an illegal restraint of trade, in violation of well-established strong public policy disfavoring restraints of trade. As such, Patterson has engaged in conduct that constitutes unfair trade practices.

51.     This unfair and deceptive trade practice caused HSI monetary damages in an amount to be determined at trial, including but not limited to loss of business opportunity and its attorneys' fees and costs.

## COUNT IV
### (TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS RELATIONS)

52.     HSI restates and realleges the preceding paragraphs as if fully set forth herein.

53.     Patterson has intentionally and wrongfully interfered with prospective business relations between HSI and customers and prospective customers, by attempting to intimidate and interfere with Pace and HSI from forming fully proper relations with clients and/or continuing

relations with existing clients, and by inducing HSI and Pace to avoid forming and/or continuing such relations.

54.    HSI has suffered monetary losses as a direct result of Patterson's conduct in an amount to be determined at trial, including but not limited to loss of business opportunity and its attorneys' fees and costs. But for Patterson's conduct as alleged herein, HSI would not have suffered damage as aforesaid.

55.    The monetary damages resulting from Patterson's conduct are attended by circumstances of willful and wanton conduct, entitling HSI to an award of exemplary damages from Patterson.

## COUNT V
## (VIOLATION OF COLORADO CONSUMER PROTECTION ACT)

56.    HSI restates and realleges the foregoing paragraphs as if fully set forth herein.

57.    Patterson engaged in an unfair and deceptive trade practice by attempting to gain an unfair advantage in the marketplace through meritless litigation against HSI and Pace, and in other ways.

58.    Patterson filed and/or pursued suit against HSI and Pace, knowing it lacked a proper basis for the enforceability of the relevant non-compete agreements. Instead, Patterson aimed to restrain and interfere with HSI's legitimate economic activities in hiring employees, to impose undue burden and expense on HSI, and to interfere with the relationships between HSI and its employees.

59.    This unfair and deceptive trade practice significantly impacts the public as actual, or potential, customers of HSI's goods and services.

60.     This unfair and deceptive trade practice caused HSI monetary damages in an amount to be determined at trial, including but not limited to reasonable attorneys' fees and costs

61.     Pursuant to C.R.S. § 6-1-113(2), HSI is entitled to an award of treble damages, attorney's fees, and costs from Patterson.

## COUNT VI
## (UNJUST ENRICHMENT)

62.     HSI restates and realleges the foregoing paragraphs as if fully set forth herein.

63.     By filing this lawsuit to restrain trade, interfere with existing and prospective contracts, and intimidate and harass HSI, Pace, and others, Patterson has been enriched by the sales of products that it would not have otherwise achieved.

64.     HSI has suffered monetary losses as a direct result of Patterson's conduct in an amount to be determined at trial, including but not limited to loss of business opportunity and attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, HSI prays for a judgment against Patterson as follows:

a.  Dismissing the Second Amended Complaint, with prejudice, and awarding costs, exemplary damages, attorneys' fees and fees to HSI; and

b.  Granting HSI:

   i.   an award of compensatory damages, in amounts to be determined at trial by the finder of fact;

   ii.  treble damages;

   iii. an award of exemplary damages as permitted by law;

    iv.    an award of reasonable attorneys' fees and the costs of this action, both under the statute and as otherwise allowed by law; and

    v.    an award of such other and further relief, including equitable relief, as the Court deems just and proper.

## JURY TRIAL DEMANDED

HSI hereby demands a jury trial on all issues so triable.

Dated: January 14, 2021           **MADEL PA**


**By:** _/s/ Stephen M. Premo_
Christopher W. Madel (230297)
Stephen M. Premo (393346)
800 Hennepin Avenue
800 Pence Building
Minneapolis, MN 55403
Phone: (612) 605-0630
cmadel@madellaw.com
spremo@madellaw.com


**MOSES & SINGER LLP**

**By:** _/s/ Abraham Y. Skoff_
Abraham Y. Skoff (_admitted pro hac vice_)
405 Lexington Avenue
New York, NY 10174
Telephone: (212) 554-7800
Facsimile: (212) 554-7700
askoff@mosessinger.com

_Attorneys for Defendant Henry Schein, Inc._

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 28, 2020, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notifications of such filing to counsel or parties of record electronically by CM/ECF.

*s/Stephen M. Premo*
_____

Stephen M. Premo (393346)
800 Hennepin Avenue
800 Pence Building
Minneapolis, MN 55403
Phone: (612) 605-0630
spremo@madellaw.com